IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NIKKI SIMMS and KIM HUFFSTETLER                                      PLAINTIFFS

v.                                    Case No. 2:12-CV-02252

NORTHPORT HEALTH SERVICES OF ARKANSAS, L.L.C.
d/b/a LEGACY HEALTH AND REHABILITATION
CENTER; NHS MANAGEMENT, L.L.C.; J. NORMAN ESTES
and CLAUDE LEE, individually and in their capacities as
owners, managers, and/or officers of the above named entities                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Defendants J. Norman Estes and Claude Lee's Motion to Dismiss (Doc.28 ) and brief in support (Doc. 29) and Plaintiffs Nikki Simms and Kim Huffstetler's Response in Opposition (Doc. 32). Plaintiffs are Licensed Practical Nurses who were employed at Defendant Legacy Health and Rehabilitation Center ("Legacy") in Fort Smith, Arkansas. Plaintiffs allege that during their period of employment, Defendants collectively violated the wage and hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. 11-4-201 *et seq.*, by failing to properly compensate Plaintiffs for work performed. Plaintiffs also assert state law claims against all Defendants for unjust enrichment and promissory estoppel.

Defendants Estes and Lee's Motion to Dismiss asserts that Plaintiffs' FLSA and AMWA claims against them must fail because Plaintiffs failed to allege facts that establish Estes and Lee were Plaintiffs' "employers," as that term is defined by both statutes. Estes and Lee also maintain that Plaintiffs' allegations of unjust enrichment and promissory estoppel "consist of a mere recitation of the elements of those claims" and "are not facts" but "conclusions." (Doc. 29, p. 9).

In ruling on a motion to dismiss, the Court accepts as true all of the factual allegations contained in a complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Complaints should be liberally construed in the plaintiff's favor and "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rucci v. City of Pacific*, 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949.

Estes admits in his Answer to the Amended Complaint that he owns 92% of the outstanding membership interests in Defendant Northport Health Services of Arkansas, LLC d/b/a Legacy Health and Rehabilitation Center ("Legacy"). Both he and Lee are officers of Legacy and Defendant NHS Management, LLC. However, Estes and Lee argue that they are not "employers" subject to liability under the FLSA and AMWA because they "spend very little time in Arkansas and simply have nothing to do with the day to day operations of Legacy," Plaintiffs' employer. (Doc. 29, p. 2). Further, they maintain that "it is doubtful that either Plaintiff have [sic] ever seen or spoken to either

Estes or Lee—much less that either man was their 'employer' within the meaning of any applicable laws." *Id.* at p. 5.

As explained above, when deciding a motion to dismiss, a court must accept the factual allegations contained in a plaintiff's complaint as true. Therefore, when examining whether Plaintiffs' claims against Estes or Lee should be dismissed in the case at bar pursuant to Rule 12(b)(6), the Court may only examine the pleadings to determine whether sufficient facts have been set forth by Plaintiffs to establish plausible claims that, if proven true, would entitle Plaintiffs to relief. Whether Estes or Lee actually hired or fired Plaintiffs, spent time in Arkansas directly supervising Plaintiffs, or engaged in the day-to-day operations of Legacy are factual disputes that are potentially relevant at the summary judgment or trial stage of these proceedings; however, on a motion to dismiss, the Court cannot engage in an analysis of the disputed facts, but must assume that the facts as stated by Plaintiffs are true.

To state facts necessary to a potential finding of liability under the FLSA and AMWA, Plaintiffs must assert that Defendants were "employers" as defined by these statutes. Under the FLSA, an "employer" broadly includes "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d). Similarly, the AMWA defines an "employer" as "any individual, partnership, association, corporation, business trust . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." Ark. Code Ann. 11-4-203(4)(A-B).

The Eighth Circuit has held that a corporate officer with operational control of the corporation's day-to-day functions is an employer within the meaning of the FLSA. *Wirtz v. Pure Ice Co., Inc.*, 322 F.2d 259, 262-63 (8th Cir. 1963). A stockholder of a company who is "engaged

in the active management of the affairs of the corporation, although he is 'shown not to have assumed any special obligation individually to pay the wages or salaries of [employees]'" is still an employer under the FLSA. *Chambers Constr. Co. v. Mitchell*, 233 F.2d 717, 724 (8th Cir. 1956). The so-called "active management test" provides that a corporate officer may be included in the definition of "employer" if he hires the supervisors and home office workforce and if the wages of the corporation's employees are subject to his control, if only in varying degrees. *Id.* A corporate officer can be held jointly and severally liable along with a corporation for the upaid wages of the corporation's employees. *Brown v. L & P Indus., LLC*, 2005 WL 3503637, at *12 (E.D. Ark. Dec. 21, 2005) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511-14 (1st Cir. 1983)).

Estes and Lee argue that the Amended Complaint fails to allege facts sufficient to show that they had the ability to hire or fire either of the Plaintiffs or had any control over Plaintiffs' employment at Legacy. After reviewing the Amended Complaint, the Court finds that it states the following: Estes and Lee, as officers of Legacy, "create and enforce policies of Legacy Health and Rehabilitation Center, and make decisions affecting the wages and hours of their employees, including Plaintiffs and those similarly situated;" "manage and control Legacy Health and Rehabilitation Center and make all critical decisions regarding staffing, budgets and census;" and "could hire and fire employees of Legacy Health and NHS, supervise[] and control[] their schedules and conditions of employment, and [have] control over employees' wages and employment records." (Doc. 27, paras. 12, 17, 28, 29).

Plaintiffs have therefore asserted in their Amended Complaint that Estes and Lee have a significant ownership interest in Legacy and operational control of the major aspects of Legacy's day-to-day functions, including decisions affecting the hiring, firing, and payment of wages to

Legacy's employees.  Accordingly, Plaintiffs have stated a plausible claim that Estes and Lee are "employers" pursuant to the FLSA and AMWA.

Plaintiffs' claims for unjust enrichment and promissory estoppel are similarly sufficient to survive Defendants' Motion to Dismiss.  Plaintiffs allege that all Defendants, collectively, "made a promise to Plaintiffs that they would be paid for all hours of work" and "expected Plaintiffs to complete their job duties every day and work through their lunch."  *Id.* at para. 82.  "Plaintiffs provided services to Defendants by working through their lunch breaks," and "reasonably expected to be paid the value of such services." *Id.* at para. 76.  Further, Plaintiffs contend that even though "Defendants accepted benefits of Plaintiffs' work" and "were aware that Plaintiffs were providing such services with the expectation of being paid," Defendants failed to pay Plaintiffs for the services they rendered, and Defendants "were unjustly enriched at the expense of the named Plaintiffs." *Id.* at paras. 77-79.   These facts state claims for unjust enrichment and promissory estoppel.

Accordingly, Defendants J. Norman Estes and Claude Lee's Motion to Dismiss (Doc.28 ) is DENIED.

IT IS SO ORDERED this 14th day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE